**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEBRA ANN HADNOT,<br><br>               Plaintiff - Appellant,<br>  v.<br><br>MICHAEL J. ASTRUE, Commissioner of<br>Social Security Administration,<br><br>          Defendant - Appellee. | No. 09-15189<br><br>D.C. No. 3:07-cv-05504-PJH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted March 11, 2010[**]
San Francisco, California

Before: WALLACE, GRABER, and McKEOWN, Circuit Judges.

This case is before us to review a summary judgment in favor of the

Commissioner and the denial of claimant's motion for summary judgment and

alternative motion to remand. The summary judgment and denial thereof are

reviewed de novo, and the decision not to remand is reviewed for an abuse of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

discretion. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). Claimant raises four issues.

1.     The claimant has not demonstrated that the administrative law judge (ALJ) erred in not developing the record regarding claimant's dermatological condition. The proof asserted by claimant is a statement by the ALJ that he is "at a loss" to deal with the phrase "to avoid" pressure. In fact, the ALJ's residual functional capacity determination was consistent with Dr. Lapins' opinion and incorporated Dr. Lapins' opinion that claimant should avoid excessive pressure. Thus, the restriction of avoidance of "excessive pressure" was considered by the ALJ in his residual functional capacity determination.

2.     The ALJ did not err by rejecting the opinions of certain treating and examining medical professionals. We have carefully reviewed the contentions of claimant concerning the medical professionals and are not persuaded. It is true that the district court held that the ALJ did not offer a sufficient basis for rejecting Dr. Kipperman's findings, but the district court was correct that this error was harmless because other substantial evidence supported the ALJ's finding that claimant's mental impairment was not severe.

3.     The ALJ did not err by refusing to credit claimant's testimony and third party statements. In weighing the credibility of claimant's symptom

2

testimony, the ALJ may consider, among other things, prior inconsistent statements concerning the symptoms, "unexplained or inadequately explained failure to seek treatment," and claimant's daily activities. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). We are restrained from second-guessing the ALJ's credibility decisions if they are supported by sufficient findings. *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989).

The ALJ provided clear and convincing reasons to discount claimant's testimony that she was unable to perform any work. No medical evidence corroborated a complete inability to work. The ALJ found additional evidence supporting the finding that claimant was not entirely credible. For example, claimant stated that she received little improvement from surgery, but the medical evidence indicated otherwise.

Similarly, the ALJ offered a germane reason for discounting Quilter's statement as it was inconsistent with the medical opinion evidence.

4. The ALJ may have erred in assessing claimant's residual functional capacity but, as set forth correctly in the district court's decision, any error by the ALJ in assessing claimant's functional limitations was harmless.

**AFFIRMED.**

3